UNITED STATES DISTRICT COURT

Northern District of California

RENALYN PETALVER,

            Plaintiffs,

  v.

WELLS FARGO BANK,

            Defendant(s).
_____/

No. C 09-02848 MEJ

**ORDER RE WELLS FARGO BANK'S MOTION TO DISMISS; REMANDING ACTION TO STATE COURT**

      Pending before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted (Dkt. #7). Plaintiff Renalyn Petalver has filed an Opposition (Dkt. #12), to which Defendant filed a Reply (Dkt. #16). Additionally, Defendant has filed a Request for Judicial Notice (Dkt. #8). On August 27, 2009, the Court held a hearing on this matter. For the reasons set forth below, the Court **GRANTS** Defendant's Motion with respect to Plaintiff's Fourth through Eleventh Causes of Action, **DENIES WITHOUT PREJUDICE** Defendant's Motion as to Plaintiff's First through Third Causes of Action; and **REMANDS** this action to state court.

### I. BACKGROUND

      Plaintiff filed this lawsuit in Alameda County Superior Court on May 22, 2009. (Dkt. #1, Ex. A.) On June 25, 2009, Defendant Wells Fargo removed the action to this Court, citing federal question jurisdiction. (Dkt. #1.) In her Complaint, Plaintiff alleges that Defendant Wells Fargo violated state and federal laws when it arranged, closed, and funded Plaintiff's home loan. (Compl. at ¶3.) In particular, Plaintiff alleges that Defendant violated the law by: "(a) failing to provide Plaintiff mandated disclosures in a clear and conspicuous way, (b) materially misstating other disclosures, such as the actual interest rate in the note, (c) failing to adequately provide Plaintiff with

adequate notices of his [sic] right to rescind, and (d) failing to determine and disclose to Plaintiff that he [sic] did not qualify to obtain the loan."[1] (Compl. at ¶3.) Based on these purported violations, Plaintiff asserts the following eleven claims against Defendant: (1) violation of California Civil Code Section 2924b; (2) violation of California Civil Code Section 2923.6; (3) violation of California Civil Code Section 2923.5; (4) violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.; (5) violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code Section 1788, et seq.; (6) "predatory lending / fraud"; (7) fraud under California Civil Code Section 2924a and the Uniform Commercial Code; (8) violation of California Business & Professions Code Section 17200 et seq. (unlawful business practices); (9) breach of fiduciary duty; (10) quiet title; (11) breach of the implied covenant of good faith and fair dealing.

Defendant moves to dismiss each of Plaintiff's eleven claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Rule 8, which provides the standard for judging whether such a cognizable claim exists, requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, to survive a motion to dismiss, a complaint need not provide detailed factual allegations. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

---

[1] The Court notes that it is unclear as to Plaintiff's gender. Plaintiff's Complaint refers to Plaintiff as a male, while Plaintiff's Opposition refers to "Plaintiffs," and, intentionally, perhaps, omits any use of pronouns when referring to Plaintiff. The Deed of Trust, however, identifies Plaintiff as "a single woman." (Dkt. #8, RJN, Ex. 1 at 1.) It would therefore be wise for Plaintiff to ensure that, upon remand, her counsel takes the time to properly identify her, both in terms of gender and number, in all subsequent court filings.

2

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

In reviewing a motion to dismiss, the court may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). In addition, the court may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).

### III.   DISCUSSION

As a preliminary matter, the Court notes that while Defendant has moved to dismiss all eleven of Plaintiff's claims, Plaintiff has only responded to Defendants' challenges to her claims for violation of California Civil Code Sections 2924 (Plaintiff's First Cause of Action), 2923.6 (Plaintiff's Second Cause of Action), and 2923.5 (Plaintiff's Third Cause of Action). During the hearing on this matter, the Court questioned Plaintiff about whether she is consenting to dismissal of the her other causes of action - including Plaintiff's claims founded on federal law. Plaintiff's

3

counsel stated on the record that Plaintiff did consent to dismissal of those claims and all of her federal claims. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Fourth through Eleventh Causes of Action. Thus, only Plaintiff's First through Third Causes of action remain.

As indicated above, Defendant removed this action to federal district court on the basis of federal question jurisdiction. (Dkt. #1 at 3.) Specifically, Defendant indicated that the Court had jurisdiction over the matter because it arises under the Fair Debt Collection Practices Act. (*Id.*) Because Plaintiff has consented to dismissal of her Fourth Cause of Action, which asserted a claim for violation of the federal Fair Debt Collection Practices Act, and Plaintiff's three remaining claims are based solely on state law, Defendant's proffered basis for subject matter jurisdiction no longer exists. In this instance, the Court has discretion to decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008). When deciding whether to exercise supplemental jurisdiction, the Court considers judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Generally, if all claims over which a district court has original jurisdiction have been dismissed before trial in a removed action, the remaining state law claims should be remanded to state court. *See Acri v. Varia Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997); *Satey*, 521 F.3d at 1091.

Taking the foregoing factors into consideration compels the Court to conclude that declining supplemental jurisdiction is prudent in this matter. Plaintiff's three remaining claims are all based on state law. Notably, the arguments Plaintiff did present in her Opposition are premised in large part on how the Court should interpret and apply the California Civil Code sections she relies upon in light of the legislative history underlying those sections and the current foreclosure crisis that the California legislature was responding to when enacting those laws. The California Superior Court, rather than a federal district court, is in a better position to construe California law and assess the merits of Plaintiff's policy-based arguments. Judicial economy and comity, therefore, both favor declining supplemental jurisdiction.

4

Further, only one month has passed since Defendant removed the action from Alameda County Superior Court to this Court. In that time, this Order is the only ruling the Court has made. Thus, the parties have not invested significant time or money litigating this matter and it would neither be inconvenient nor unfair for them to resolve the remaining claims in state court. Moreover, because Plaintiff consented to dismissal of eight of her claims, the Court has not made any legal or factual determinations. As a result, there is no risk of duplication of efforts by the state court judge who would preside over this matter. Likewise, because the case is in its initial stages, there is no evidence that Defendant will be prejudiced if forced to litigate this matter in state court.

In sum, the Court finds that the interests of judicial economy, convenience, fairness, and comity weigh against exercise of supplemental jurisdiction over Plaintiff's three remaining state law claims. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss as to those claims, and **REMANDS** this action to Alameda County Superior Court.

### IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss (Dkt. #7) as follows: The Court **DISMISSES** Plaintiff's Fourth through Eleventh Causes of Action. The Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss as to Plaintiff's First, Second, and Third Causes of Action. Further, the Court **REMANDS** this action to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: August 27, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge